1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   DAVID WILSON,              )   Case No. EDCV 07-770-VAP
     individually and on        )   (OPx)
12   behalf of all others       )
     similarly situated,        )   **[Motion filed on August 29,**
13                              )   **2007]**
                   Plaintiff,   )
14                              )   **ORDER (1) GRANTING**
         v.                     )   **PRELIMINARY APPROVAL OF**
15                              )   **SETTLEMENT AND (2) SETTING**
     AIRBORNE, INC., AIRBORNE)      **SCHEDULE FOR FINAL APPROVAL**
16   HEALTH, INC., KNIGHT-      )
     MCDOWELL LABS, THOMAS      )
17   "RIDER" MCDOWELL,          )
     VICTORIA KNIGHT-           )
18   MCDOWELL, and DOES 1-      )
     100, inclusive,            )
19                              )
                   Defendants. )
20   _____)

21       The Court has reviewed and considered all papers

22   filed in support of the Joint Motion for Preliminary

23   Approval of Settlement ("Joint Motion").  These include

24   memoranda in support of the Joint Motion filed by

25   Plaintiff and Defendants on August 29, 2007; (2) the

26   declaration of Plaintiff's counsel Melissa M. Harnett,

27   filed on August 31, 2007, and attaching a copy of the

28   settlement agreement; and (3) declarations of Defendants'

1  counsel Gayle E. Rosenstein filed on August 29, August
2  31, and September 11, 2007.

3

4       After the Court requested additional information
5  concerning the parties' proposed settlement, the parties
6  submitted the following materials on or about October 1,
7  2007, which the Court has reviewed and considered: (1) a
8  Mediator's Report, describing the parties' settlement
9  discussions during a day-long mediation session on May
10  31, 2007; (2) the declaration of Plaintiff's counsel
11  Stephen Gardner, explaining, inter alia, the evolution of
12  Plaintiff's settlement position concerning injunctive
13  relief; (3) the declaration of Jeffrey L. Fazio
14  concerning the adequacy of proposed class counsel; (4)
15  the declaration of Ms. Harnett concerning the adequacy of
16  proposed class counsel; (5) the declaration of Elise
17  Donahue, the Chief Executive Officer and a Director of
18  Defendant Airborne Health, Inc.; and (6) the declaration
19  of Defendants' counsel Kenneth L. Steinthal.  Plaintiff
20  filed an additional declaration from Ms. Harnett on
21  October 2, 2007, summarizing the course of discovery and
22  the development of the parties' settlement agreement.
23  Pursuant to an Order dated October 22, 2007, an
24  additional declaration by Mr. Fazio was filed under seal;
25  it described in particular his analysis of revenue data
26  obtained from Defendants and provided examples of changes
27  made by Defendants to their product packaging.
28

1    Having reviewed and considered these submissions, as
2  well as the arguments advanced by counsel at the hearing
3  on September 24, 2007, the Court finds there is a
4  sufficient basis to grant preliminary approval of the
5  parties' proposed settlement.  The Court also finds a
6  sufficient basis to disseminate notice of the proposed
7  settlement to class members, and to authorize steps
8  necessary to determine whether the proposed settlement
9  should be approved finally, whether a class should be
10  certified finally for settlement purposes, and whether
11  this case should be dismissed.

12

13    Accordingly, the Court GRANTS the Joint Motion and
14  further makes the following findings and orders:

15

16    1.    The Court has subject matter jurisdiction over
17  the Action under the Class Action Fairness Act, 28 U.S.C.
18  § 1332(d)(2)(A).

19

20    2.    The Court preliminarily certifies, for
21  settlement purposes only, the following Settlement Class
22  pursuant to Rule 23(b)(3) of the Federal Rules of Civil
23  Procedure, defined as follows:
24  ///
25  ///

26

27    [1]Capitalized terms appearing in this Order are
defined terms under the parties' settlement agreement,
28  which is incorporated by reference.

3

1 | All Persons who purchased any flavor or formulation
2 | of any Product in the United States or any of its
3 | Territories from May 1, 2001 through November 29,
4 | 2007, except the following:

6 | (a) the Corporate Defendants, their predecessors,
7 | successors, and their current and former directors,
8 | officers, employees, agents, attorneys,
9 | representatives, affiliates, associates, consultants,
10 | advisers, parents, and subsidiaries, as well as the
11 | Individual Defendants and their heirs, spouses,
12 | executors, administrators, agents, successors,
13 | attorneys, consultants, advisers, representatives or
14 | assigns;

16 | (b) persons who have settled with and validly
17 | released Defendants from separate, non-class legal
18 | actions against Defendants based on the conduct
19 | alleged in the Second Amended Complaint filed in the
20 | Action, if any;

22 | (c) persons who have purchased the Product for
23 | resale;

25 | (d) any person who has timely and validly elected to
26 | exclude themselves from the Settlement Class pursuant
27 | to paragraphs 15 and 16, below; and

4

1    (e) the judge presiding over this matter.

2

3    3.   The Court appoints Plaintiff David Wilson to

4    serve as Class Representative;

5

6    4.   The Court appoints the following law firms to

7    serve as Class Counsel: Wasserman, Comden & Casselman

8    LLP; Fazio | Micheletti LLP; and Center for Science

9    in the Public Interest.

10

11   5.   Neither the preliminary certification of the

12   Settlement Class for settlement purposes, nor any other

13   act relating to the negotiation, execution, or

14   implementation of the Settlement Agreement, shall be

15   considered as a factor in connection with any class

16   certification issue(s) if the Settlement Agreement

17   terminates or Final Settlement Approval does not occur.

18

19   6.   The Court preliminarily approves the Settlement

20   Agreement, and the settlement contemplated thereby, as

21   being a fair, reasonable and adequate settlement as to

22   all members of the Settlement Class, pursuant to Rule 23

23   of the Federal Rules of Civil Procedure.

24

25   7.   Solely for the purposes of effectuating the

26   Settlement, the Court further preliminarily finds as

27   follows: joinder of all Settlement Class Members in a

28

1  single proceeding would be impracticable, if not
2  impossible, because of their numbers and dispersion;
3  the Class Representative and Class Counsel have
4  adequately prosecuted the claims of the lawsuit; no
5  conflict exists between the Class Representative or Class
6  Counsel and the Settlement Class; the Class
7  Representative and Class Counsel are adequate
8  representatives for the Settlement Class; the Class
9  Representative's claims are typical of the Settlement
10  Class; the Class Representative is a member of the
11  Settlement Class and has claims representative of the
12  claims and defenses presented in this case; commonality
13  is satisfied in this case for settlement purposes as a
14  number of common issues exist among Settlement Class
15  Members; common issues predominate over individual issues
16  in the context of settlement; and certification of an
17  agreed-upon settlement class is a superior mechanism for
18  resolving these claims.

19

20      8.    The foregoing preliminary findings and
21  preliminary and conditional certification that this
22  Action may be maintained for settlement purposes only as
23  a class action, and the appointment of Class Counsel,
24  shall be without force or effect if: (a) the Court does
25  not give final approval to the Settlement Agreement and
26  enter judgment as contemplated therein; or (b) the
27  ///

28

1  Court's approval of the Settlement Agreement and/or entry
2  of a final approval order and judgment are reversed or
3  modified on appeal.

4

5      9.    The parties entered into the Settlement
6  Agreement in good faith, following arms-length
7  negotiation by counsel, including a mediation session
8  with the Hon. Richard L. Patsey, a retired California
9  Superior Court judge.

10

11     10.    The Court gives its approval to the form and
12 procedures for disseminating the Notices to the
13 Settlement Class Members in substantially the same form
14 as that which appears in Exhibit B to the Settlement
15 Agreement.  The Court finds that the Notices to be
16 given constitute the best notice practicable under the
17 circumstances, including individual notice via electronic
18 mail and, where necessary, by first-class mail to those
19 Settlement Class Members for whom the Defendants have
20 contact information and by published notice as described
21 in the Settlement Agreement at Exhibit B.  The Court
22 finds that the proposed notice plan fully satisfies
23 Rule 23 of the Federal Rules of Civil Procedure and the
24 requirements of due process, and is the best notice
25 practicable under the circumstances.
26 ///
27 ///
28

1  The Court directs that notice be given pursuant to
2  the terms set forth in the Settlement Agreement, provided
3  that the parties, by agreement, may revise the Notices
4  and Claim Form in ways that are not material, or in ways
5  that are appropriate to update those documents for
6  purposes of accuracy.

7

8  11.    The Court finds that Defendants properly and
9  timely notified the appropriate state and federal
10 officials of the Settlement Agreement, as required by the
11 Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §
12 1715.    The Court has reviewed the Defendants' notices and
13 accompanying materials, and finds that they complied with
14 the applicable requirements of CAFA.    Defendants also
15 have provided a copy of these submissions to Class
16 Counsel.

17

18 12.    Rust Consulting is appointed Claims
19 Administrator to supervise and administer the settlement
20 notice and claims process, as more fully set forth in the
21 Settlement Agreement.

22

23 13.    The Court preliminarily determines that the
24 plan of distribution in Sections 2 through 4 of the
25 Settlement Agreement fairly and adequately addresses the
26 matters of settlement administration, claims submission,
27 ///

28

1 and allocation of monetary payments among Settlement
2 Class Members.

3

4    14.   No funds may be disbursed from the Gross
5 Settlement Fund or Net Settlement Fund unless expressly
6 authorized by the terms of the Settlement Agreement.

7

8    15.   Settlement Class Members who or which want to
9 seek payment from the Settlement Fund shall do so in the
10 manner set forth in the instructions accompanying the
11 Claim Form (which are reflected in the Settlement
12 Agreement).   Unless the Court orders otherwise,
13 Claim Forms must be submitted in compliance with the
14 instructions provided to Settlement Class Members, which
15 are set forth in the Settlement Agreement.   Valid Claims
16 shall be paid in accordance with the requirements set
17 forth in the Settlement Agreement.

18

19    16.   Any Settlement Class Member shall have the
20 right to opt out of the Settlement Class by sending a
21 written request for exclusion from the Settlement Class
22 to the addresses listed in the Notices, postmarked no
23 later than Monday, **May 12, 2008**.   To be effective, the
24 request for exclusion (or opt-out request) must: (a) be
25 signed by that member of the Settlement Class; (b)
26 include that person's full name and current address; and
27 (c) include a statement identical or substantially

28

1 similar to the following: "I request to be excluded from
2 the Settlement Class in <u>Wilson v. Airborne, Inc., et al.</u>,
3 No. EDCV 07-770 VAP (OPx)."

4

5    17.   No request for exclusion will be valid unless
6 the request is sent timely and in substantial compliance
7 with the requirements of the preceding paragraph.  If a
8 timely and valid request for exclusion is made by a
9 member of the Settlement Class, then that member will not
10 be entitled to participate in the Settlement and cannot
11 object to the Settlement.

12

13    18.   All Class Members (whether or not he/she
14 submits a Claim Form) who have not validly excluded
15 themselves from the Settlement Class shall be bound by
16 all determinations and judgments concerning the
17 Settlement Agreement and the settlement contemplated
18 thereby.  Within twenty (20) business days after the
19 Court-ordered deadline for timely and properly opting out
20 from the Settlement Class, the Claims Administrator shall
21 provide to the Parties' Counsel the names and addresses
22 of the Class Members who or which timely and properly
23 have opted out of the Settlement Class as permitted by
24 the Court, as well as the total number of such persons.

25

26    19.   Any Settlement Class Member who wishes to
27 object to the fairness of the Settlement Agreement must

28

1  do so (either personally or through an attorney), by
2  filing a written objection, together with any supporting
3  written or documentary materials with the Clerk of the
4  Court, postmarked on or before Monday, **May 19, 2008**. Any
5  such written notice of objection must include: (a) a
6  statement that the person objecting is a Settlement Class
7  Member; (b) his or her complete name, current address,
8  and telephone number (or, if represented by an attorney,
9  the Settlement Class Member's complete name, and the
10 name, current address, and telephone number of the
11 Settlement Class Member's attorney); (c) a statement of
12 the Settlement Class Member's specific objections to any
13 such matter, and an explanation of the grounds for those
14 objections; and (d) all documents that the Settlement
15 Class Member desires the Court to consider.
16
17       This written objection must also be served by hand,
18 overnight mail, or by first-class mail, postmarked no
19 later than Monday, **May 19, 2008**, on the Claims
20 Administrator, as set forth in the Notices. The Claims
21 Administrator shall promptly, and in any event within one
22 business day after receipt, provide copies of such
23 written objections to the Parties' Counsel.
24
25       Any Settlement Class Member who or which does not
26 make his, her, or its objection in the manner provided
27 for herein shall be deemed to have waived such objection
28

1  and shall be foreclosed from making any objection to the
2  fairness, reasonableness, or adequacy of the proposed
3  settlement contemplated by the Settlement Agreement, the
4  issue of the allocation of the Net Settlement Fund among
5  Settlement Class Members, or the issues of any Fee and
6  Expense Award and/or the Incentive Award to
7  Representative Plaintiff. Any Settlement Class Member
8  who does not file a timely objection that includes the
9  foregoing required information shall be foreclosed from
10 objecting to the Settlement Agreement and shall be
11 foreclosed from seeking any adjudication or review of the
12 Settlement Agreement by appeal or otherwise.
13
14       20.   All further proceedings in the Litigation
15 (including, but not limited to, any existing discovery
16 obligations) are ordered stayed until Final Settlement
17 Approval or termination of the Settlement Agreement,
18 whichever occurs earlier, except for those matters
19 necessary to obtain and/or effectuate Final Settlement
20 Approval.
21
22       21. A hearing on entry of a Final Judgment and
23 Order of Dismissal (the "Fairness Hearing") will be held
24 on Monday, **June 16, 2008**, at 10 a.m., in Courtroom 2 at
25 the United States District Court for the Central District
26 of California, 3470 Twelfth Street, Riverside.  At the
27 Fairness Hearing the Court will also consider: whether
28

the settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; the amount of attorneys' fees and expenses that should be awarded to Settlement Class Counsel; and whether an incentive payment to the Representative Plaintiff should be awarded, and, if so, the amount of that award.

22. The date and time of the Fairness Hearing shall be set forth in, inter alia, the Notices. The Court reserves the right to adjourn or continue the date of the Fairness Hearing. In the event the date is changed, that information shall be posted on the website maintained by the Claims Administrator, and the parties shall not be required to re-send or re-publish the Notices.

23. The Parties' Counsel shall file memoranda or other materials in support of the final approval of the Settlement Agreement, including any response to a timely and properly filed Objection no later than Friday, **May 30, 2008**.

24. On or before Monday, **May 12, 2008**, Class Counsel may apply to the Court for an award of attorneys' fees and costs. At such time, Class Counsel may also submit an application for an incentive award to the
///

13

1   Plaintiff, to be paid by the Defendants and not to exceed
2   $10,000.

3

4       25.   Following the Fairness Hearing and based upon
5   the entire record in this matter, the Court will decide
6   whether the Settlement Class should be certified, whether
7   the Settlement Agreement should be approved and, if so,
8   what attorneys' fees and cost award should be awarded to
9   Class Counsel and whether an incentive award should be
10  awarded to the Plaintiff, and, if so, in what amount.
11

12      26.   If a Settlement Class Member wishes to appear
13  at the Fairness Hearing either in person or through
14  counsel, the Settlement Class Member must file with the
15  Clerk of the Court and serve upon the Claims
16  Administrator at the address specified in the Notice a
17  Notice of Intention to Appear, postmarked no later than
18  Monday, **June 2, 2008**.  The Notice of Intention to Appear
19  must include copies of any papers, exhibits, or other
20  evidence or information the Settlement Class Member
21  and/or his or her counsel will present to the Court at
22  the Fairness Hearing.  Any Settlement Class Member and/or
23  his or her attorney who does not file a timely Notice of
24  ///
25  ///
26  ///
27  ///
28

1  Intention to Appear in accordance with these provisions

2  may be foreclosed from speaking at the Fairness Hearing.

3

4

5

6  Dated: 11/29/07                    _Virginia A. Phillips_
                                       VIRGINIA A. PHILLIPS
7                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28