NOTE: CHANGES MADE BY THE COURT

JS–6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DAVID WILSON, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>AIRBORNE, INC., AIRBORNE HEALTH, INC., KNIGHT-MCDOWELL LABS, THOMAS RIDER MCDOWELL, VICTORIA KNIGHT-MCDOWELL, and DOES 1-100, inclusive,<br><br>      Defendants. | CASE No. EDCV 07-770-VAP (OPx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

The Court, having granted the parties' Motion for Final Approval of Settlement and finding no just reason for delay in entry of this Final Judgment and Order of Dismissal and good cause appearing therefor, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Stipulation and Agreement of Settlement, including its exhibits (the "Settlement Agreement") and the definitions of capitalized words and terms contained therein, filed with the Court on August 29, 2007, is incorporated in this Order as though fully set forth herein.  This Order also incorporates by reference the Court's Order dated August 13, 2008, (1) Granting Motion for Final Approval of Settlement, (2) Granting in Part Motion for Attorneys' Fees and Litigation Expenses, and (3) Granting in Part Motion for Incentive Award to Plaintiff ("Final Approval Order") and the Court's Order dated November 29, 2007, (1) Granting Preliminary Approval of Settlement and (2) Setting Schedule for Final Approval ("Preliminary Approval Order").

2.      As held in the Preliminary Approval Order, the Court has subject-matter jurisdiction over the Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). (Preliminary Approval Order ¶ 1.)

3.      As stated in the Final Approval Order, the Court finds that the Settlement Agreement was arrived at in good faith, following extensive arms'-length negotiations between experienced counsel, and the settlement is fair, reasonable, and adequate as to

1   all members of the Settlement Class within the meaning of Federal

2   Rule 23(e)(2) of the Federal Rules of Civil Procedure.  (Final

3   Approval Order 10, 15–24.)

4

5   4.   The Court has previously reviewed and overruled the

6   objections filed against approval of the Settlement Agreement.

7   (Final Approval Order 19–23.)

8

9   5.   The Court hereby orders final certification of the

10  proposed Class for settlement purposes (the "Settlement Class"),

11  having found that the requirements of Rule 23 of the Federal Rules

12  of Civil Procedure are met.  (Final Approval Order 13–14.)  The

13  Settlement Class is defined as follows:

14

15  All Persons who purchased any flavor or formulation of any

16  Product in the United States or any of its territories from May

17  1, 2001, through November 29, 2007, except the following:

18

19  (a)   the Corporate Defendants, their predecessors,
    successors, and their current and former directors,

20  officers, employees, agents, attorneys, representatives,
    affiliates, associates, consultants, advisers, parents, and

21  subsidiaries, as well as the Individual Defendants and
    their heirs, spouses, executors, administrators, agents,

22  successors, attorneys, consultants, advisers,
    representatives or assigns;

23

24  (b)   Persons who have settled with and validly released
    Defendants from separate, non-class legal actions against

25  Defendants based on the conduct alleged in the Second
    Amended Complaint filed in the Action, if any;

26

27  (c)   Persons who have purchased the Product for resale;

28

(d)   any Persons who have timely and validly elected to exclude themselves from the Settlement Class pursuant to the Court's Preliminary Approval Order; and

(e)   the judge presiding over this matter.

6.   Solely for the purposes of effectuating the Settlement, the Court found in its Preliminary Approval Order that:

a. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible because of their numbers and dispersion;

b. The Class Representative and Class Counsel have capably prosecuted the claims of the lawsuit;

c. No conflict exists between the Class Representative or Class Counsel and the Settlement Class;

d. The Class Representative and Class Counsel are adequate representatives for the Settlement Class;

e. The Class Representative's claims are typical of the Settlement Class;

f. The Class Representative is a member of the Settlement Class and has claims representative of the claims and defenses presented in this case;

g. Commonality is satisfied in this case for settlement purposes as a number of common issues exist among Settlement Class Members;

h. Common issues predominate over individual issues in the context of settlement; and

i.   Certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

(Preliminary Approval Order ¶ 7.)

–4–

7.     Except as expressly provided for in the Settlement Agreement (including, without limitation, its exhibits), the Parties agree that the Settlement Agreement (including, without limitation, its exhibits) shall be without prejudice to the rights, positions, or privileges of any Party.  This provision is applicable whether or not there shall be a Final Settlement Approval, and shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by any of the Defendants, or of the truth of any of the Claims, and evidence of the Settlement Agreement and any and all negotiations and discussions associated with it shall not be discoverable or used, directly or indirectly, in any way, whether in this action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement or this Order.  In no event, however, shall the Settlement Agreement or this Order be construed to preclude Plaintiff or Class Counsel from seeking settlement-related materials in discovery or from seeking to use such material in subsequent litigation. Settlement-related materials include all documents and communications pertaining to investigations by any government or administrative agency (such as the FTC and the various state AGs). Defendants expressly retain the right to assert all objections to such discovery, including but not limited to the Defendants' argument that such information is precluded from discovery by Federal Rule of Evidence 408, or other similar applicable rules.  Plaintiff and Class Counsel retain the right to oppose any such arguments.

8.     The Court found that Class Members received adequate notice of the pendency of the Action, the conditional certification of the Settlement Class solely for purposes of this settlement, and the preliminary approval of the Settlement Agreement.  The notice procedures used provided the best notice that is practicable under the circumstances as required by Federal Rule of Civil Procedure 23(c)(2)(B). (Final Approval Order 10–11.)

9.     Defendants have complied with the applicable requirements of CAFA, including timely notice of the Settlement Agreement to the appropriate state and federal officials and the provision of other required information.  (Preliminary Approval Order ¶ 11.)

10.    The Court found that the Settlement Fund's distribution plan, as set forth in Section 4 of the Settlement Agreement, fairly and adequately addresses settlement administration and claims submissions and further insures fair allocation of monetary payments amongst all members of the Settlement Class. (Preliminary Approval Order ¶ 13.)

11.    The Parties shall have no liability with regard to the maintenance, preservation, investment, use, allocation, adjustment, distribution, and/or disbursement of any amount in the Gross Settlement Fund or the Net Settlement Fund, or any dispute by any claimant or putative claimant concerning the handling or resolution of his, her, or its claim with respect to the Net Settlement Fund. With the exception of Tax Payments, which shall be made out of the

– 6 –

1   Settlement Fund, Defendants shall bear all costs associated with
2   the Gross Settlement Fund and the Net Settlement Fund, including
3   but not limited to the costs of administering, maintaining, and
4   making distributions from those funds.  Moreover, in no event shall
5   this Order, this provision or any other provision of this Order or the
6   Settlement Agreement absolve the Parties for a breach of the
7   Settlement Agreement, nor shall any provision of this Settlement
8   Agreement prevent an aggrieved Party from enforcing its rights
9   hereunder to the extent such provision is consistent with the terms
10  of this Order.

11

12          12.   The Court hereby dismisses, on the merits and with
13  prejudice, without fees or costs to any party (except as provided for
14  in the Settlement Agreement, this Order, or otherwise by this
15  Court), the Second Amended Complaint in favor of the Defendants
16  and against all Settlement Class Members.  A list of those members
17  of the Settlement Class who timely and validly filed requests for
18  exclusion from that Class as permitted by the Court is attached
19  hereto as Exhibit A and made a part hereof.  Those Persons
20  appearing on Exhibit A shall have no right to receive any payments
21  from the Settlement Fund.  Any member of the Settlement Class
22  whose legal name does not appear on Exhibit A failed to timely and
23  validly file a valid request for exclusion from the Settlement Class
24  as permitted by the Court, and is hereby barred and permanently
25  enjoined from asserting otherwise, and is subject to the terms and
26  conditions of the Settlement Agreement, including the Releases set
27  forth therein, and this Order.

28

13.   Within ten (10) calendar days of the entry of this Final Judgment and Order of Dismissal, the Settlement Fund (including the Gross Settlement Fund and the Net Settlement Fund) shall be established and administered under the Court's continuing supervision and control pursuant to an escrow agreement, as set forth in the Settlement Agreement.  Defendants shall deposit $23,252,500.00 into an interest-bearing account, which shall be created in accordance with the terms of the Settlement Agreement and any applicable Order of this Court.

14.   If the aggregate amount of Valid Claims by Settlement Class Members, as determined by the Settlement Administrator, is higher than the amount of the Net Settlement Fund, then, within ten (10) days of receipt of the notification by the Claims Administrator, Defendants shall deposit, into the Settlement Fund, an additional amount necessary to pay Valid Claims, up to a maximum additional amount of $250,000.00.

15.   If the aggregate amount of Valid Claims by Settlement Class Members, as determined by the Settlement Administrator, exceeds the amount of the Net Settlement Fund plus the additional $250,000.00 paid pursuant to paragraph 14 above, then the Claims Administrator shall make available monies from the Fund (the "FTC Fund") established pursuant to the Stipulated Final Judgment and Order for Injunctive and Other Relief entered by this Court in the action entitled *FTC v. Airborne Health, Inc. et al.*, No. CV 08-05300-VAP (the "FTC Order") pursuant to the terms of the FTC Order, up to a maximum amount of $6,500,000.00 for the purpose of paying

– 8 –

1   Settlement Class Members' claims made pursuant to the settlement

2   in this Action.  Any such monies shall be made available for

3   payment of Settlement Class Members' claims according to the

4   provisions of the FTC Order.  Settlement Class Members and Class

5   Counsel shall have no control whatsoever over the monies in the

6   FTC Fund.

7

8       16.   If the amount of Valid Claims, as determined by the

9   Settlement Administrator, exceeds the sum of the Net Settlement

10  Fund, the additional contribution of $250,000.00 provided in

11  paragraph 14 above and the FTC Fund (*i.e.,* a total of

12  $26,507,321.18), this total of settlement proceeds shall be

13  distributed to pay Valid Claims of Settlement Class members on a

14  *pro rata* basis.

15

16      17.   The parties have agreed that any amount that remains in

17  the Net Settlement Fund after all valid claims are paid will be

18  distributed *cy pres* to non-profit organizations that the Court

19  approves to receive such funds.  The parties have also agreed that

20  the amount remaining in the Net Settlement Fund after all Valid

21  Claims are paid, if any, will have an impact on determining which

22  non-profit organizations should be proposed as potential *cy pres*

23  recipients.  Accordingly, Class Counsel shall identify to counsel for

24  Defendants the organizations they propose as recipients of *cy pres*

25  funds within ten (10) court days after all Valid Claims are paid.

26  Pursuant to the Settlement Agreement, Defendants shall notify

27  Class Counsel within ten (10) court days whether they consent to

28  the proposed *cy pres* recipients.  The Parties shall then submit a

–9–

1   joint order for the Court's approval of the *cy pres* distribution or, in

2   the event that a dispute arises regarding Defendants' withholding of

3   consent, the parties shall meet and confer in an effort to resolve the

4   dispute.  If the parties are unable to resolve their dispute regarding

5   Defendants' consent, Plaintiff shall file a motion to resolve the

6   matter within 10 court days of concluding their meet-and-confer

7   session.  In no event shall a dispute over *cy pres* distribution delay

8   any other aspect of the administration of the Settlement Agreement.

9

10      18.   No funds may be disbursed from the Gross Settlement

11  Fund or Net Settlement Fund unless expressly authorized by the

12  terms of the Settlement Agreement, or applicable Order of this

13  Court.  Settlement Class Members who seek payment from the

14  Settlement Fund shall do so in the manner set forth in the

15  Settlement Agreement.  Unless the Court orders otherwise, claim

16  forms must be submitted as set forth in the Settlement Agreement

17  and Order Granting Preliminary Approval of Settlement.  Valid

18  Claims shall be paid according to the procedures set forth in the

19  Settlement Agreement and this Order.

20

21      19.   Upon the Effective Date of Settlement (including, without

22  limitation, the exhaustion of any judicial review, or requests for

23  judicial review, from this Final Judgment and Order of Dismissal),

24  the Representative Plaintiff and each of the Settlement Class

25  Members unconditionally, fully, and finally release the Defendants,

26  their predecessors, successors, and their current and former

27  directors, officers, employees, agents, attorneys, representatives,

28  affiliates, associates, consultants, advisers, parents, and

– 10 –

1    subsidiaries, and all distributors, wholesalers, and retailers that are
2    passive conduits in the marketing chain of distribution of the
3    Product, as well as Victoria Knight-McDowell and Thomas Rider
4    McDowell, their heirs, spouses, executors, administrators, agents,
5    successors, attorneys, consultants, advisers, representatives, or
6    assigns, from all Settled Claims by Plaintiff and the Settlement
7    Class Members as provided in the Settlement Agreement.  In
8    addition, any rights of Settlement Class Members to the protections
9    afforded under Section 1542 of the California Civil Code and/or any
10   other similar, comparable, or equivalent laws, are terminated.

11

12          20.   If for any reason the Settlement Agreement becomes null
13   and void before the Effective Date of Settlement (including, without
14   limitation, the exhaustion of any judicial review, or requests for
15   judicial review from this Final Judgment and Order of Dismissal),
16   then the certification of the Settlement Class shall be deemed
17   vacated, and the operative complaint in the Action shall be the
18   Second Amended Complaint filed on May 24, 2007.  In that event,
19   the Parties shall return to the *status quo ante* in the Action, without
20   prejudice to the right of any party to assert any right or position
21   that it could have asserted if the Settlement Agreement had never
22   been reached or proposed to the Court.  The certification of the
23   Settlement Class for settlement purposes shall not be considered as
24   a factor in connection with any subsequent class certification issues
25   or be introduced as evidence against Defendants for any purpose in
26   any other litigation.

27

28

– 11 –

21.   Class Counsel's Motion for Award of Attorneys' Fees and Litigation Expenses is hereby GRANTED in part as follows.  The Court finds that Class Counsel shall be awarded fees and expenses as follows:

**Fazio | Micheletti LLP:**

    Fees:      $1,574,925.00

    Expenses: $8,458.64

**Wasserman. Comden, & Cassleman LLP:**

    Fees:      $1,316,551.00

    Expenses: $20,993.58

**Center for Science in the Public Interest:**

    Fees:      $568,470.00

    Expenses:      $3,280.60

Accordingly, not later than ten (10) calendar days from the Effective Date of the Settlement, the Claims Administrator shall pay, from the Gross Settlement Fund, separately to each firm appointed as Class Counsel, the amounts set forth above.

22.   The motion for the issuance of an incentive award to Plaintiff David Wilson is GRANTED IN PART.  Accordingly, the

– 12 –

                                                 **FINAL JUDGMENT AND ORDER OF DISMISSAL**

1   Claims Administrator shall pay to Plaintiff, from the Gross

2   Settlement Fund, the amount of $4,500,.

3

4       23.   Upon the Effective Date of Settlement, the Releasors shall

5   be bound by the Releases of the Released Parties pursuant to the

6   terms of the Settlement Agreement.

7

8       24.  Pursuant to Section 27 of the Settlement Agreement, any

9   disputes between the Defendants and their attorneys and

10   Settlement Class Members and their attorneys concerning the

11   matters contained in this Settlement Agreement, the Preliminary

12   Approval Order, or this Order shall, if they cannot be resolved by

13   negotiation and agreement, be submitted to this Court.  The Court

14   hereby reserves exclusive personal and subject matter jurisdiction

15   over the implementation and enforcement of the Settlement

16   Agreement, the Preliminary Approval Order, the Final Approval

17   Order, and this Order, including, but not limited to the approval of

18   any distribution to be made *cy pres,* any disputes between the

19   Defendants and their attorneys and Settlement Class Members and

20   their attorneys relating to or arising out of the Releases, the Waiver

21   of Rights, the timeliness and/or validity of any opt out, and/or any

22   Claim Form submitted for payment from the Net Settlement Fund.

23   In no event, however, shall this Settlement Agreement be construed

24   to require that any claim that was not resolved by this Settlement

25   Agreement be litigated in the Central District of California, provided,

26   however, that this Section of the Settlement Agreement also shall

27   not be construed to preclude any claim that was not resolved by

28

1  this Settlement Agreement from being litigated in the Central
2  District of California.
3
4  SO ORDERED this 1st day of October, 2008.
5
6
7
8  Hon. Virginia A. Phillips
9  United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

— 14 —